Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 4701 | **DATE** | 5/16/2003 |
| **CASE TITLE** | Keen, Inc. et al. Vs. Frances Gecker etc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. For the above reasons, we affirm the orders of the bankruptcy court.
(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | MAY 1 9 2003 | |
| | Notified counsel by telephone. | | date docketed | 17 |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| WAH | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

KEEN, INC., et al., )
)
        Appellant, )
)
vs. ) No. 02 C 4701
)
FRANCES GECKER, not individually, Chapter 7 )
trustee for the estate of Steven C. DuVal, )
)
        Appellee. )

## MEMORANDUM OPINION AND ORDER

On April 15, 2002, the bankruptcy court for the Northern District of Illinois ratified a contract which substituted Frances Gecker (trustee) in place of Stephen C. DuVal (debtor) as payee of patent license royalties (ratification order). On June 12, 2002, the bankruptcy court denied debtor's motion for rehearing of the ratification order (rehearing order). The debtor has filed an appeal with this court seeking review of the ratification and rehearing orders. For the following reasons, we affirm the bankruptcy court's orders.

## BACKGROUND

On August 9, 1995, the debtor submitted an application to the United States Patent and Trademark Office (PTO) seeking a patent for a "Method and Apparatus for an Anonymous Voice Communication System." On June 23, 1997, the PTO rejected all of the claims in the application. On December 22, 1997, the debtor filed a formal response to the rejection, in which he modified his application.

On March 9, 1998, the debtor filed a voluntary Chapter 7 bankruptcy petition in the

bankruptcy court. The petition made no reference to the patent application. On March 18, 1998, the PTO issued a Notice of Allowance accepting debtor's modified claims, conditioned upon submission of a new drawing and payment of an issue fee of $660. Debtor fulfilled these requirements and sent in his fee during April 1998. The debtor received a discharge of indebtedness on July 30, 1998, and an order closing his case was entered on August 4, 1998.

On October 6, 1998, the patent application was issued as U.S. Patent No. 5,818,836 ('836 patent). On June 6, 2001, InfoRocket.com, Inc. (InfoRocket) and debtor entered into a license agreement for the patent (license agreement), under which all royalty payments were placed in escrow pending resolution of any issues related to debtor's omission of the patent application in his prior bankruptcy proceedings. At debtor's request, the bankruptcy court reopened his case on August 8, 2001. On September 13, 2001, debtor modified Schedule B of his petition to include the patent application as an asset under the category, "other personal property of any kind not already listed." Debtor also modified Schedule C to include the patent application as property claimed as exempt under 11 U.S.C. 522(b)(2).

On January 11, 2002, the trustee entered into an agreement with InfoRocket to amend the license agreement by substituting the debtor's estate as payee of royalties and filed a complaint with the bankruptcy court seeking turnover of the escrowed funds. On April 15, 2002, the bankruptcy court entered its ratification order granting trustee's request for turnover of funds and approving the contract amendment. At a hearing on the motion, the court specifically found that the patent application was property of the estate, subject to the trustee's action.

On April 26, 2002, the debtor moved for rehearing on the ratification order and

requested that a telephone line be made available so that debtor's attorney, John O. Scott (Scott), could participate by phone. The bankruptcy court had previously agreed to permit Scott to appear telephonically at proceedings related to the case. The motion for rehearing was fully briefed by the parties on June 7, 2002. On June 12, 2002, counsel for the parties appeared before the court, including local counsel for debtor, who requested that the hearing be held at the end of the call so that Scott could participate telephonically. The court ruled that further oral argument was not necessary and denied the motion for rehearing, also denying the request to hear from Scott.

## DISCUSSION

This appeal presents two issues. First, whether the bankruptcy court was correct in finding that the patent application was property of the estate subject to administration. We review this conclusion of law *de novo*. Matter of UNR Industries, Inc., 986 F.2d 207, 208 (7th Cir. 1993). Second, whether the bankruptcy court's decision to deny debtor's counsel oral argument on a motion for rehearing was an abuse of discretion. *See* North American Printing Ink. Co. v. Regensteiner Printing Co., 140 B.R. 474 (N.D.Ill. 1992).

A bankruptcy estate includes, with limited exception, all legal or equitable interests of a debtor in property as of the commencement of his case. 11 U.S.C. § 541(a)(1). To facilitate the bankruptcy process, then, a debtor must list all interests he has in property in his petition, even if he believes the assets are worthless or unavailable to the bankruptcy estate. In re Yonikus, 974 F.2d 901, 904 (7th Cir. 1992). In this case, the debtor asserts that he included the patent application in his amended list of assets to conform with the general principles of Yonikus, but argues that the patent application was both worthless and unavailable to the

bankruptcy estate. Notably, the debtor did not list the patent application in the specific space provided in Schedule B in which to disclose "patents, copyrights, and other intellectual property." Rather, he categorized it as other personal property.

At the creation of the bankruptcy estate the debtor had submitted an application to the PTO; the application had been rejected and the debtor had filed a formal response to the rejection with modifications to the application conforming with the PTO's objections. The debtor argued before the bankruptcy court, and appears to argue before us, that his application was no longer active at the time he filed for bankruptcy. But the fact that the application continued on in its modified form and ultimately manifested in a patent undermines this contention. The patent application was still before the PTO in its modified form at the commencement of the estate. The more difficult issue is whether it was property of the estate.

The debtor relies on the 1904 case, In re Dann, 129 F. 495 (N.D.Ill.), to support his assertion that the patent application is outside the scope of bankruptcy administration. Dann held that under the bankruptcy laws at that time a debtor's incorporeal interest in a pending patent application does not pass to the bankruptcy estate, only any rights acquired in executing contracts regarding rights to use the future patent to a third party. *Id.* at 496. While Dann does support debtor's position, it has been called into question by subsequent caselaw, Myers-Wolf Mfg. Co. Kuhn v. Guild, 205 F. 289 (3rd Cir. 1913); Rosenthal v. Goldstein, 183 N.Y.S. 582 (Sup.Ct..N.Y. 1920), and under the current bankruptcy code the reach of the bankruptcy estate over intangible property has broadened. Yonikus, 974 F.2d at 904; 11 U.S.C. § 541(a)(1).

Under the current code, patent applications are subject to bankruptcy administration "to the extent [they are] protected by applicable non-bankruptcy law." 11 U.S.C. § 101(35A). If the debtor had licensed the rights to the invention described in the patent application to a third party before filing for bankruptcy, the benefit of that license agreement would go to the estate. *See* Chesapeake Fiber Packaging Corp. v. Serbo Packaging Corp., 143 B.R. 360, (D.Md. 1992), *aff'd* 8 F.3d 817 (4th Cir. 1993). This would be the outcome under Dann as well. But here, there was no license agreement contemplated or executed, just a pending application.

Once a patent application is filed, an inventor has the right to assign rights and licenses under his potential patent, as well as collecting royalties for use of the invention. Krampe v. Ideal Industries, Inc., 347 F.Supp. 1384, 1386 (N.D.Ill. 1972). Even before a patent is issued, the rights afforded to a patent applicant put him in a strong bargaining position. Meehan v. PPG Industries, Inc., 802 F.2d 881 (7th Cir. 1986). The contracting rights available to debtor relating to his active application before the PTO could hypothetically never have been exercised or the patent never issued. Regardless, the patent application was still valuable in that it carried with it those rights and the corresponding legal protections. This is enough to bring it under the broad definition of bankruptcy property.

The debtor alternatively asserts that if the patent application is bankruptcy property, it is exempted from the estate. On his amended petition he claims this exemption under 11 U.S.C. 522(b)(2), which provides that if a state opts out of the federal exemption scheme, a debtor may claim an exemption under state law. The petition cites 735 ILCS 5/12-1001(b) as the specific law providing the exemption. Unfortunately for debtor, the cited law only allows for exemptions up to $2,000, an amount already met by debtor's other claimed exemptions, In

re Doyle, 209 B.R. 897, 903 (Bankr.N.D.Ill. 1997), The patent application is part of the estate, and royalties from the license agreement constitute "[p]roceeds, product, offspring, rent or profits of or from property of the estate" which also belong to the estate. 11 U.S.C. 541(a)(6).

We next turn to the bankruptcy court's denial of debtor's motion for rehearing of the ratification order. It is fully within a bankruptcy court's discretion to decide a motion without hearing oral argument. Kaufman v. S and C Corp., 171 B.R. 38, 40 (S.D.Tex. 1994); North American Printing Ink Co. v. Regensteiner Printing Co., 140 B.R. 474 (N.D.Ill. 1992). The debtor argues that this is not a case in which a hearing or oral argument was denied but rather a situation in which only one attorney was not allowed to participate. But it is evident from the court transcripts that the bankruptcy court did not hear substantive arguments from any of the attorneys on this motion (including local counsel for debtor who was present at the time). The bankruptcy court chose to rule on the motion based on the briefs alone. There is nothing manifestly erroneous about that decision or the decision to announce the ruling without waiting until attorney Scott could be present telephonically.

## CONCLUSION

For the above reasons, we affirm the orders of the bankruptcy court.

*JAMES B. MORAN*
Senior Judge, U. S. District Court

May 16, 2003.